**E-FILED**
Tuesday, 11 April, 2006  09:13:23 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

| | | |
|---|---|---|
| TIMOTHY L. CHURCH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 06-4014 |
| | ) | |
| JAMES DAVIDSON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

# <u>O R D E R</u>

Before the Court is Petitioner, Timothy L. Church's Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By A Person In State Custody [Doc. #1], and Motion for Appointment of Counsel [Doc. #2].

Pursuant to 28 U.S.C. § 2254 and Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts, the Court has considered the grounds set forth in the Petition and has decided that there could be merit to some of those grounds.  Therefore, the Court orders Respondent to file an answer or responsive pleading within sixty (60) days after service of this Order.  Respondent should address any facts which would establish whether Petitioner's claims are untimely or procedurally defaulted.  In addition, Respondent should address the merits of Petitioner's constitutional claims and otherwise fully comply with Rule 5.

In regards to Petitioner's Motion for Appointment of Counsel, this Court's authority to appoint counsel for indigent

petitioners derives from 28 U.S.C. § 1915(e)(1), which states: "The court may request an attorney to represent any person unable to afford counsel." See also Gil v. Reed, 381 F.3d 649, 656 (7th Cir. 2004). Petitioner, however, has failed to provide the Court with any information regarding his financial status and, therefore, it cannot be determined whether he is "unable to afford counsel." See 28 U.S.C. § 1915(e)(1).

Furthermore, in determining whether to appoint counsel for an indigent petitioner, this Court must make the following inquiry: "given the difficulty of the case, did [Petitioner] appear to be competent to try it himself[?]" Greeno v. Daley, 414 F.3d 645, 658 (7th Cir. 2005) (quoting Farmer v. Haas, 990 F.2d 319, 322-23 (7th Cir. 1993)). The Seventh Circuit, however, has instructed that before conducting this inquiry, district courts are to "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." Gil, 381 F.3d at 656 (quoting Jackson v. County of McLean, 953 F.2d 1070, 1072 (7th Cir. 1992)). It is only if the petitioner meets this initial "threshold showing of an attempt and failure to obtain counsel," will the Court turn to the standard articulated in Greeno and Farmer. See Gil, 381 F.3d at 656.

Here, not only has Petitioner failed to show that he is indigent, but he has failed to meet his initial "threshold showing of an attempt and failure to obtain counsel[.]"  See id. As a result, Petitioner will be granted leave to supplement his Motion for Appointment of Counsel with detailed information regarding his financial status and whether he has attempted to obtain counsel unsuccessfully.  Petitioner will be sent a form Application to Proceed In Forma Pauperis and will be required to fill-out this Application in its entirety along with a copy of his prisoner's trust fund account for the past six months, which must be certified by the appropriate officer at his place of confinement.  In addition, Petitioner must provide documentation indicating that he has attempted to obtain counsel unsuccessfully (normally in the form of a letter from the attorney refusing to take Petitioner's case).

Petitioner will be given 21 days from the date of this Order to provide the above-requested information or his Motion for Appointment of Counsel will be denied.

IT IS THEREFORE ORDERED that the Clerk shall serve a copy of Church's § 2254 Habeas Petition [Doc. #1] by certified mail upon Respondent, along with this Order.

IT IS FURTHER ORDERED that Respondent shall file an answer or responsive pleading to Church's § 2254 Habeas Petition within sixty (60) days after service of this Order.

IT IS ALSO ORDERED that the Clerk shall send Petitioner a form IFP Application, along with this Order.

FINALLY, IT IS ORDERED that Petitioner will be given 21 days from the date of this Order to provide the above-requested information and shall serve upon the Respondent a copy of every further pleading or other document submitted for consideration by the Court.

ENTERED this  10th  day of April, 2006.

 /s/ Joe B. McDade 
JOE BILLY McDADE
United States District Judge

4